LoConto, P.J.
This matter came before the Appellate Division on the plaintiff’s appeal on the record of proceedings. The facts and issues necessary for an understanding of the case are as follows.[2] The plaintiff brought this action in the Springfield Division seeking damages for the injuries she claimed resulted from the defendant’s negligence when she fell after exiting the Showcase Cinema in West Springfield. There was evidence that spilled popcorn was the cause of her fall. After trial, the trial judge found that the defendant was not negligent and specifically found that (he “popcorn was not a contributing factor to the plaintiff’s fall.” The appellant claims error in the trial judge’s limitation on the number of requests for rulings of law, her findings of fact and legal rulings, and her failure to make sufficient findings of fact. We find no error and dismiss the appeal.
At the close of the evidence and before final argument, counsel intended to submit requests for rulings of law. The judge determined that for a “case of this nature” ten requests for rulings of law would be sufficient and granted the parties ten days to file same.[3] The plaintiff claims that the trial judge committed reversible error in failing to respond to her original requests, implying a denial of them and that such denial of correct requests is error. We find no error. The current rule requires that “ [e] ach request shall concisely present a single issue of law and shall be sequentially numbered. Requests shall not be redundant or unreasonable in number.” Mass. R. Civ. R, Rule 64A. ‘We have no doubt that where the number of requests is palpably in excess of the number legitimately needed in a case the trial judge has the power either to order them stricken from the files, or to require a party to reduce them to a reasonable number or risk the loss of any rights under them.” Hogan v. Coleman, 326 Mass. 770, 773 (1951). We have reviewed the plaintiff’s original requests and in consideration of the uncomplicated nature of the facts and issues presented to the trial judge, there was no error to limit each side to ten requests and give them sufficient time to prepare same. The trial judge’s findings clearly indicate popcorn was not a contributing factor and that the defendant was not otherwise liable. Sixty-four requests were excessive in this case to test whether the trial judge applied the correct principles of law.
*240 The defendant also claims error in the facts found by the trial judge and her rulings. She suggests that the defendant’s agent admitted responsibility in the accident report and that the trial judge failed to recognize die depression in the sidewalk outside the theater as a contributing factor in the plaintiffs fall. As to the accident report prepared by the assistant manager, the trial testimony clearly shows that the information contained in the narrative is the information the assistant manager received from the plaintiff and not any personal representation of how or why any fall occurred. The defendant’s employee specifically testified that he wrote down on the report what the plaintiff told him. The trial judge was not presented with any evidence of an admission.
As to the depression being the cause of the plaintiff’s fall, the record specifically indicates that die theory of the plaintiff’s claim was the existence of a foreign substance. She responded in her answers to interrogatories that she fell on account of the popcorn on the sidewalk. The first time the defective condition of the sidewalk was presented as a cause of the alleged fall was at trial. It was never testified to by the plaintiff as a cause of the injuries. The trial judge was correct in requiring the plaintiff tó adhere to her claim that the existence of a foreign substance caused of her to fall. The judge’s findings and rulings are supported by the evidence presented.
The plaintiff’s third claim of error appears to suggest that the trial judge failed to make findings of fact. Specifically she claims in her brief that the “finding that there was no negligence is not a finding of fact contemplated by the rules.” We find no error. The trial judge was not required to make any findings of fact and in this case any limitation of her factual findings is immaterial. Mass. R. Civ. R, Rule 52(a).
For the above-stated reasons we order that the Clerk of the Springfield Division enter an order dismissing the appeal.

 The Appellee moved to dismiss the appeal for the Appellant’s failure to abide by the Rules for Appellate Division Appeal. We prefer to decide the case on the merits.

 The plaintiff was prepared to submit sixty-four requests and the defendant intended to submit twenty-eight. The trial judge may not have known the number of requests the plaintiff intended to file.